IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHNNY LACY,

                Plaintiff,

v.

JARED HOY and GARY BOUGHTON,

                Defendants.

OPINION and ORDER

25-cv-512-jdp

---

Plaintiff Johnny Lacy alleges that prison officials are deducting too much money from his prison trust account to pay his debts, in violation of the Equal Protection Clause, the Due Process Clause, two federal statutes, and state law. While acting pro se, Lacy filed a similar lawsuit, and the court dismissed it for failure state a claim. *See Lacy v. Carr*, No. 24-cv-509-jdp (W.D. Wis.). Lacy is now represented by counsel, but he is raising the same issues that he did in the previous case, so the court directed him to show cause why the case should not be dismissed, either under the doctrine of claim preclusion or for failure to state a claim under the same reasoning the court relied on to dismiss the first case. Dkt. 3.

For the reasons below, I conclude that: (1) claim preclusion bars Lacy's challenges to any deductions that occurred on or before judgment was entered in No. 24-cv-509-jdp; (2) issue preclusion bars Lacy's claims under the Due Process Clause, the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 26 U.S.C. § 6428, and the American Rescue Plan Act (ARPA), 26 U.S.C. § 6428B; and (3) all of Lacy's claims fail to state a claim upon which relief may be granted. The court will decline to exercise supplemental jurisdiction over the state-law claims.

ANALYSIS

Lacy is asserting the following claims against Jared Hoy (the secretary of the Wisconsin Department of Corrections) and Gary Boughton (the security director for Columbia Correctional Institution, where Lacy is housed):

1) Since 2008, defendants "and their agents" have been deducting all of Lacy's deposits from his accounts because of his race and because he provides legal assistance to other prisoners, in violation of the Equal Protection Clause.

2) Defendants have withdrawn money from Lacy's account without giving him an opportunity to dispute the deductions, in violation of the Due Process Clause.

3) Defendants deducted "stimulus payments" that Lacy received, in violation of the Coronavirus Aid, Relief, and Economic Security (CARES) Act, 26 U.S.C. § 6428, and the American Rescue Plan Act (ARPA), 26 U.S.C. § 6428B.

Each of the above claims fails for one or more of the following reasons: claim preclusion, issue preclusion, or failure to state a claim. Issue and claim preclusion are affirmative defenses, but a court may dismiss a case based on an affirmative defense if it is clear from the face of the complaint that the defense applies. *E.g., Muhammad v. Oliver*, 547 F.3d 874, 878 (7th Cir. 2008); *see also Arizona v. California*, 530 U.S. 392, 412–13 (2000) ("If a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte.") (internal quotation marks and alterations omitted). Both doctrines can apply even if a party was representing himself in the earlier case. *See DeGuelle v. Camilli,* 724 F.3d 933, 938-39 (7th Cir. 2013).

The doctrine of claim preclusion bars a plaintiff from bringing the same claim against the same parties after judgment has been entered on the merits. *Ross ex rel. Ross v. Board of Educ.*

*of Tp. High School Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007). Some of the claims in this case satisfy that standard. Lacy asserted the same three claims in the 2024 case, Boughton was a defendant in the earlier case, and I entered judgment on the merits for each claim. But I understand Lacy to allege that prison officials are continuing to deduct too much money from his account. Lacy does not identify any specific illegal deductions that are recent, but he named the current DOC secretary as a defendant, and he was not appointed until 2024. Lacy also says that defendants have been "illegally deducting 100%" of his deposits "[s]ince 2008," and he does not allege that the practice ever changed. Claim preclusion generally does not apply to claims about conduct that occurred after judgment was entered in the first case, *Cooper v. Retrieval-Masters Creditors Bureau, Inc.*, 42 F.4th 688, 697 (7th Cir. 2022), so claim preclusion would not bar the more recent deductions.

Issue preclusion applies when the same plaintiff seeks to relitigate an issue that was decided in an earlier case. *Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014). Most of the issues that Lacy is raising in this case were decided in the 2024 case. As for the claims under the CARES Act and ARPA, the court concluded that neither law creates a cause of action for violations. *See* Case no. 24-cv-509-jdp, Dkt. 7, at 7. As for the due process claims, the court concluded that prison officials can deduct funds from a prisoner's account to pay his debts without holding a hearing. *Id.* at 6. So issue preclusion bars both of those claims.

Even if these claims were not precluded, Lacy has not shown that the court erred in dismissing those claims. In support of his due process claim, he cites *Campbell v. Miller*, 787 F.2d 217, 223 (7th Cir. 1986), and *Toney-El v. Franzen*, 777 F.2d 1224, 1228 (7th Cir. 1985), but neither case is helpful.

3

In *Campbell*, the court held that prisoners have a property interest in the funds in their prison account. But *Campbell* was about receiving due process before the prison imposed a new debt for destroying property. *Campbell* does not undermine the cases holding that prison officials are not required to give prisoners a hearing every time they deduct money for a previously incurred debt, regardless of how much they deduct.[1] Lacy does not dispute that he owes the money that is being deducted, only that defendants are deducting too much of it. *Toney-El* is about calculating a prisoner's release date, so it has nothing to do with this case.

In support of his claims under the CARES Act and ARPA, Lacy cites *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008 (N.D. Cal. 2020). But that was a case under the Administrative Procedure Act about whether the federal government had the authority under the CARES Act to withhold stimulus checks from prisoners. It had nothing to do with whether state prison officials could use stimulus checks to pay a prisoner's debts or whether a prisoner has a private right of action under the CARES Act.

This leaves Lacy's equal protection claim for deductions made after the court entered judgment in the 2024 case. The court dismissed Lacy's equal protection claim, not because his legal theory was wrong, but because he failed to allege that either defendant was personally involved in discriminating against him, and he provided no plausible allegations that any prison official was discriminating against him because of his race or status as a jailhouse lawyer. *Id.* at

---

[1] *See Olson v. Schwochert*, No. 18-cv-666, 2018 WL 6573123, at *1–2 (W.D. Wis. Dec. 13, 2018), *aff'd*, 783 Fed. Appx. 614 (7th Cir. 2019); *Mahers v. Halford*, 76 F.3d 951, 956 (8th Cir. 1996); *cf. United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir. 2008) ("[T]he Bureau of Prisons . . . does not need judicial permission to remit money from a prisoner's account, with or without the prisoner's assent. . . . Whether inmates make any money during their captivity, and, if they do, how much must be paid to creditors, are subjects well within the authority of the Executive Branch.").

3–4. Lacy could have tried to correct those deficiencies in his complaint in this case, but his allegations are the same. He still identifies no basis for inferring that either defendant was personally involved in discriminating against him, and he identifies no basis for inferring that anyone is treating him differently because of his race or status as a jailhouse lawyer. The plaintiff must identify the "facts or circumstances lead[ing] her to believe her treatment was because of her membership in a protected class." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777–78 (7th Cir. 2022). So even if issue preclusion does not apply to the equal protection claim for post-judgment deductions, Lacy has failed to state a claim.

The court concludes that all of Lacy's claims are precluded or fail to state a claim, so those claims will be dismissed with prejudice. Lacy also raises state-law claims, but the court declines to exercise supplemental jurisdiction over those. Lacy remains free to raise a state-law challenge in state court.

The only remaining question is whether the court should give Lacy leave to amend his complaint. The court will deny leave because amending the complaint would be futile. The only claim that Lacy could potentially fix is his equal protection claim, but Lacy has already had multiple chances to state a plausible claim. In Case no. 24-cv-509-jdp, I gave him an opportunity to amend his complaint to explain why he believed the security director and the secretary were discriminating against him, but he declined to do so. Lacy had another opportunity to explain the basis for his claim in his complaint in this case, but he simply repeated the same conclusory allegations from his previous complaint. This shows that Lacy has no additional information to provide about his discrimination claims. So the court will dismiss all of Lacy's federal claims with prejudice.

ORDER

IT IS ORDERED that:

1. Johnny Lacy's claims for conduct occurring before judgment was entered in *Lacy v. Carr*, No. 24-cv-509-jdp (W.D. Wis.) are DISMISSED under the doctrine of claim preclusion and for failure to state a claim.

2. Lacy's claims under the Due Process Clause, the CARES Act, and ARPA for conduct arising after the 2024 judgment are DISMISSED under the doctrine of issue preclusion and for failure to state a claim.

3. Lacy's claims under the Equal Protection Clause for conduct arising after the 2024 judgment are DISMISSED for failure to state a claim.

4. Lacy's state-law claims are DISMISSED without prejudice.

5. The clerk of court is directed to enter judgment in defendants' favor and close this case.

Entered October 21, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge

6